UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ZVONKO KLAPAN and CHRISTINE KLAPAN,

                 Plaintiffs,

                                                               5:15-CV-01525

v.

                                                               (GLS/TWD)

FREMONT INVESTMENT & LOAN CORP., and
GREENWICH INVESTORS XXVI, LLC,

                 Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

ZVONKO KLAPAN and
CHRISTINE KLAPAN
Plaintiffs, *pro se*
7191 Opal Drive
Liverpool, NY 13088

FREMONT INVESTMENT & LOAN CORP.
No appearance

GREENWICH INVESTORS XXVI, LLC.         F. MATTHEW JACKSON, ESQ.
O'Connell & Aronowitz
54 State Street, 9th Floor
Albany, NY 12207

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.    INTRODUCTION

       This matter is presently before the Court to consider whether it should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiffs' failure to prosecute. For the reasons that follow, I recommend that the action be dismissed with prejudice.

## II. PROCEEDINGS TO DATE

Plaintiffs commenced this action based upon a residential mortgage contract by the filing of a complaint on December 28, 2015. (Dkt. No. 1.) Defendant Greenwich Investors XXVI, LLC ("Greenwich") filed an answer to the complaint on February 4, 2016. (Dkt. No. 7.) Plaintiffs filed an affidavit of service as to Greenwich (Dkt. No. 9) but apparently had difficulty serving Defendant Fremont Investment & Loan ("Fremont"). (*See* Dkt. Nos. 10 and 17.) Fremont was eventually served with the summons and complaint (Dkt. No. 19), but that defendant never appeared in the action. On January 20, 2017, this Court issued an Order which was served on Plaintiffs via regular mail at the address designated by Plaintiffs, and which directed Plaintiffs to file for a Clerk's Entry of Default against Fremont. (Dkt. No. 22.) That Order was returned as undeliverable. (Dkt. No. 23.) By Order of this Court dated February 2, 2017, in deference to Plaintiffs' *pro se* status, Plaintiffs were granted a further opportunity to file for Clerk's Entry of Default against Fremont. (Dkt. No. 24.) Plaintiffs were advised to provide the Court with a proper mailing address and contact information by March 10, 2017. *Id.* Finally, Plaintiffs were also advised that failure to follow the Court's directives would result in a recommendation that the case be dismissed with prejudice for failure to prosecute and failure to follow Court orders and directives. *Id.* Again, that Order was returned as undeliverable by the United States Postal Service who noted that the addressee "moved left no forwarding address." (Dkt. No. 25.)

As of the date of this Report-Recommendation and Order, Plaintiffs have failed to file for a Clerk's Entry of Default against Defendant Fremont or notify the Court of proper contact information and a mailing address. Plaintiffs have likewise failed to contact the Court with any further information and they have made no indication that they intend to prosecute this case, nor have they otherwise communicated with the Clerk regarding this action.

2

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiffs' failure to prosecute their claims, the Court notes that

---

[1] The Court will provide pro se Plaintiffs with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Plaintiffs have failed to communicate as directed with the Court for over five months and there has been no communication with the Court by Plaintiffs whatsoever since June of 2016. (Dkt. No. 20.) The Court provided them with opportunities to file for a Clerk's Entry of Default. (Dkt. Nos. 22, 24.) Despite prodding from the Court, Plaintiffs have not followed the Court's directives after being given multiple opportunities to do so. Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiffs failed to contact the Court or file appropriate documents after being directed to do so by the Court. (Dkt. Nos. 22, 24.) Plaintiffs have also failed to communicate requested information to the Court regarding this action when explicitly directed to do so in the Court's order of February 17, 2017 (Dkt. No. 24), which also notified Plaintiffs that their failure to do so would constitute grounds for a recommendation of dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff,

4

weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendants. Defendant Fremont has not yet appeared in the action and Plaintiffs have taken no steps to obtain a default against that Defendant as directed. Defendant Greenwich has filed an answer, but the parties have yet to conduct any discovery. Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade). Therefore, the third factor also weighs in favor of dismissal.

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiffs' right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

## IV. CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by the Plaintiffs to pursue their claims in this action. Despite several directives from the Court requesting information from Plaintiffs concerning the status of the action, and/or directing Plaintiffs to take specific steps to pursue this action, Plaintiffs have repeatedly failed to comply and have provided no information to the Court concerning any measures taken to continue the action, or from which the Court could meaningfully gauge their level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiffs' failure to comply with directives from the Court, and after considering the

factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the case should be dismissed with prejudice.

**WHEREFORE**, it is hereby respectfully

**RECOMMENDED** that this action be **DISMISSED with prejudice**, for failure to prosecute.

**ORDERED** that the Clerk provide pro se Plaintiffs with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the Plaintiffs in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: May 30, 2017
        Syracuse, NY

_____
Thérèse Wiley Dancks
United States Magistrate Judge